JOHN HAZLITT v. ISAAC B. MORROW.

1. If a defendant in attachment in the justice's court would appear, he must file a bond to the plaintiff on or before the day appointed for the hearing.
2. If the hearing has ended without defendant's appearance having been entered, his offer to file a bond comes too late.

On *certiorari.*

Argued at February Term, 1893, before Justices VAN SYCKEL and GARRISON.

For the prosecutor, *John W. Wartman.*

For the defendant, *Joseph J. Summerill.*

The opinion of the court was delivered by

GARRISON, J.  If a defendant in attachment in the justice's court would appear, he must file a bond.  *Rev., p.* 54. His appearance can be effected in no other way.  *Davis* v. *Mahany,* 9 *Vroom* 104; *Leeds* v. *Mueller,* 22 *Id.* 467.

The pertinent language of the statute is this: "It shall be lawful for the defendant in any attachment issued by the justice of the peace, on or before the day appointed for the hearing of the said cause, to cause his appearance to be entered by filing with said justice a bond to the said plaintiff."

The contention in the present case is that the justice refused to permit the defendant to file his bond on the day appointed for the hearing.

The question arose in this way:

At the time set for hearing the cause the attorney of the defendant, in the presence of plaintiff and his attorney, moved for an adjournment.  It was granted without requiring the filing of a bond, and November 11th, 1892, was set as the time for hearing the case.  On that day the parties and their attorneys were present, and the plaintiff having been sworn

and examined by his attorney rested his case. The cross-examination of the plaintiff was objected to upon the ground that the defendant had not entered an appearance by filing a bond, which objection was sustained by the justice. The defendant then offered to prepare a bond with proper sureties, which was objected to by the plaintiff's attorney upon the ground that "the bond was offered too late, the plaintiff having rested." The justice sustained this objection likewise and gave judgment for the plaintiff. This was a correct construction of the statute. Even assuming that the adjourned day of hearing was "the day on or before which" the bond might be filed, it must be done before the hearing terminated. As matters stood the hearing might lawfully consist of the plaintiff's case alone. When he rested his case the hearing was over, and no bond having been filed it was clearly the duty of the justice to give judgment on the case before him. If the defendant has lost an opportunity to defend on the merits, it was not because the justice either misconceived or misapplied the law. There is no error on the record.

The judgment below is affirmed, with costs.